UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:23-CV-80644-RLR

FREDERICK H. MILLER,

    Plaintiff,

v.

NAVY FEDERAL CREDIT UNION and
EXPERIAN INFORMATION SOLUTIONS,
INC.,

    Defendant.

_____/

**DEFENDANT NAVY FEDERAL CREDIT UNION'S MOTION AND
MEMORANDUM OF LAW OF IN SUPPORT OF ITS BILL OF COSTS**

Defendant Navy Federal Credit Union ("Defendant" or "Navy Federal"), by counsel, files this Motion and Memorandum of Law in support of its Bill of Costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, Local Rule 7.3(c) of the Southern District of Florida, and/or 28 U.S.C. § 1920.

**I.   INTRODUCTION**

On February 6, 2024, this Court entered an Order Granting Defendant's Motion for Summary Judgment (the "Summary Judgment Order"). [ECF No. 105] . On February 9, 2024, this Court entered a Final Judgment in this matter in favor of Defendant and against plaintiff Frederick H. Miller ("Plaintiff"). [ECF No. 106]. As set forth in the Summary Judgment Order and the Final Judgment, Defendant prevailed against Plaintiff on Counts I and II of Plaintiff's Amended Complaint (the only counts asserted against Defendant). Accordingly, pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and Local Rule 7.3(c), Defendant is entitled to taxation of its

costs. Defendant therefore requests that the Court enter a Judgment in favor of Defendant and against Plaintiff to tax $6,514.89 as Defendant's reasonable costs.

## II.  STANDARD FOR AWARDING COSTS

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." *See Evans v. St. Lucie City School District*, No. 17-14450-CV, 2019 WL 8759421, at *1 (S.D. Fla. Aug. 29, 2019) (Reinhart, J.), report and recommendation adopted, No. 2:17-CV-14450, 2019 WL 8759420 (S.D. Fla. Sept. 13, 2019) (Rosenberg, J.) ("Under the Federal Rules, prevailing parties are entitled to recover costs as a matter of course unless otherwise directed by the court or statute."). Rule 54(d) "creates a presumption in favor of awarding costs to the prevailing party which [the opposing party] must overcome." *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). A defendant in whose favor summary judgment is granted is the prevailing party and is entitled to an award of taxable costs pursuant to Rule 54(d) and 28 U.S.C. § 1920. *See Delotta v. S. Broward Hosp. Dist.*, No. 19-CV-62905, 2023 WL 2432337, at *2 (S.D. Fla. Feb. 16, 2023), *report and recommendation adopted,* No. 19-62905-CIV, 2023 WL 2426318 (S.D. Fla. Mar. 9, 2023).

"Section 1920 [of title 28] enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987). Section 1920 allows taxation of the following costs under Rule 54:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

### III.   NAVY FEDERAL IS ENTITLED TO FEES FOR TRANSCRIPTS NECESSARILY OBTAINED FOR USE IN THE CASE

Pursuant to Section 1920(2), Defendant is entitled to recover its "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Defendant also is entitled to recover court reporter attendance fees. *See Bueno v. Univ. of Miami*, No. 22-CV-22831, 2023 WL 8097023, at *5 (S.D. Fla. Nov. 3, 2023), *report and recommendation adopted,* No. 22-22831-CIV, 2023 WL 8082103 (S.D. Fla. Nov. 21, 2023). "The question of whether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially 'necessarily obtained for use in the case.'" *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620–21 (11th Cir. 2000). A "deposition may still have been necessarily obtained for use in the case even if the case ultimately did not go to trial and even if the transcript was not cited in a dispositive motion." *Bueno*, 2023 WL 8097023 at *5 (quoting *Delotta*, 2023 WL 2432337 at *3).

Here, Defendant seeks to recover deposition costs and/or transcript fees related to the depositions of the following witnesses:

| Witness | Relevance of Testimony |
|---|---|
| Plaintiff Frederick H. Miller | Knowledge of that facts, circumstances, and damages alleged in Plaintiff's two claims against Defendant in the Amended Complaint for Defendant's purported violation(s) of the Fair Credit Reporting Act ("FCRA"). |

| | |
|---|---|
| Dr. Melissa Fogel | Plaintiff's treating psychologist who has knowledge of Plaintiff's alleged emotional distress damages; listed as a witness in Plaintiff's Amended Initial Disclosures and deposed by Defendant. |
| Edwin Johansson | Plaintiff's expert witness; listed as a witness in Plaintiff's Amended Initial Disclosures and deposed by Defendant. |
| Lisa A. Paulson | One of Defendant's corporate representatives with knowledge of the facts and circumstances alleged in the Amended Complaint; listed as a witness in Navy Federal's Amended Initial Disclosures and deposed by Plaintiff. |
| Melissa Culleton | One of Defendant's corporate representatives with knowledge of the facts and circumstances alleged in the Amended Complaint; listed as a witness in Navy Federal's Amended Initial Disclosures and deposed by Plaintiff. |
| Douglas M. Gonzalez | A Navy Federal credit bureau dispute specialist who reviewed, investigated, and responded to Plaintiff's dispute(s); listed as a witness in Navy Federal's Amended Initial Disclosures and deposed by Plaintiff. |
| Christopher M. Grove | A Navy Federal fraud investigator who investigated and responded to Plaintiff's dispute(s); listed as a witness in Navy Federal's Amended Initial Disclosures and deposed by Plaintiff. |
| Dean Binder | Defendant's rebuttal expert witness; listed as a witness in Navy Federal's Amended Initial Disclosures and deposed by Plaintiff. |
| Sahu K. Prasanta | Corporate representative of non-party American Express, which had knowledge of Plaintiff's alleged credit denials and/or Plaintiff's purported damages therefrom; listed as a witness in both Plaintiff and Defendant's respective Amended Initial Disclosures and deposed by Plaintiff and Defendant. |

These depositions and transcripts were necessarily obtained for us in the case. *See Bueno*, 2023 WL 8097023 at *5 ("A deposition is also considered necessary if it was related to an issue which was present in the case at the time the deposition was taken."). Defendant and/or Plaintiff cited to and filed the transcripts of the depositions of all but one these witnesses in their briefing on the respective motions for summary judgment [ECF Nos. 80, 81, 83, 84, 89, 90, 92, 93, 99, 100, 101] and/or Defendant's motion in limine [ECF Nos. 85, 94, 102]. Although the parties did not cite to or file the transcript of Dr. Melissa Fogel, this deposition and transcript was necessarily obtained for use in the case, as Plaintiff intended to call Dr. Fogel as a witness to testify regarding Plaintiff's alleged emotional distress damages. Thus, Dr. Fogel's deposition was "related to an issue which was present in the case," and Defendant also is entitled to recover the costs of Dr. Fogel's deposition. *See Bueno*, 2023 WL 8097023 at *5.

Defendant is seeking court reporter attendance fees and transcript fees for the depositions of the above-referenced witnesses in the amount of $6,514.89. True and correct copies of a breakdown of these fees and the supporting invoices are attached hereto as **Exhibit 1.** Although the invoice for the deposition of Mr. Johansson and the related transcript includes an expedited delivery fee ($695.00), charges for copies of exhibits ($257.40 and $219.05), and a condensed transcript fee ($35), Navy Federal is not seeking to recover these fees. *See, e.g.*, *Evans*, 2019 WL 8759421 at *3 (noting that "extras" such as copies of exhibits, condensed transcripts, and expedited copies are not recoverable). Thus, Navy Federal is only seeking to recover $1,239.99 for the deposition of Mr. Johansson and the related transcript. Likewise, Navy Federal is only seeking to recover $965.85 for the deposition of Mr. Miller and the related transcript, which amount does not include the expedited delivery fee ($435.60), charges for copies of exhibits ($130.00 and $270.40), and the condensed transcript fee ($20.00). *See id.*

Accordingly, Plaintiff is liable to Defendant for these taxable costs in the amount of $6,514.89. *See Bueno*, 2023 WL 8097023 at *5 (granting defendant's motion to tax costs in a FCRA case and awarding costs for deposition transcripts and court reporter attendance fees).

## CONCLUSION

For the reasons stated above, Navy Federal respectfully requests the Court to enter a judgment taxing costs in the amount of $6,514.89 against Plaintiff.

## LOCAL RULE CERTIFICATION

Pursuant to Local Rules 7.3(c) and 7.1(a)(3), I hereby certify that counsel for Defendant Navy Federal conferred with counsel for Plaintiff via email on February 14, 2024 and February 19, 2024 and via phone on February 20, 2024 in a good faith effort to resolve the items of costs being sought. Plaintiff's counsel advised that Plaintiff does not agree to the items of costs being sought

Dated: February 20, 2024.

Respectfully submitted,

*/s/ Noelle P. Pankey*
Kimberly A. Lopez, Esquire, Trial Counsel
Florida Bar Number: 059215
Alexander W. Adeseye, Esquire
Florida Bar Number: 1044456
AKERMAN LLP
420 S. Orange Ave., Suite 1200
Orlando, Florida 32801
Telephone: (407) 423-4000
Facsimile: (407) 843-6610
Emails: Kimberly.lopez@akerman.com
alexander.adeseye@akerman.com

and

Noelle P. Pankey, Esquire
Florida Bar Number: 044727
AKERMAN LLP

74952466;2

777 S. Flagler Dr., Suite 1100 West Tower<br>
West Palm Beach, FL 33401<br>
Telephone: (561) 653-5000<br>
Facsimile: (561) 659-6313<br>
Email: noelle.pankey@akerman.com<br>
*Counsel for Defendant, Navy Federal Credit Union*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 20, 2024, a true and correct copy of the foregoing was filed electronically using the CM/ECF system, which will provide notice to all counsel of record.

*/s/ Noelle P. Pankey*
Noelle P. Pankey, Esq.

74952466;2