**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

FREDERICK H. MILLER,                                    CASE NO: 9:23-cv-80644-RLR

      Plaintiff,

v.

NAVY FEDERAL CREDIT UNION *et. al.,*

      Defendants.

_____/

## MOTION FOR RECONSIDERATION

For the reasons set forth in the accompanying brief in support, Plaintiff, FREDERICK H. MILLER ("Mr. Miller") moves pursuant to Rules 59(e) for reconsideration of the February 6, 2024 Order Granting Defendant's Motion for Summary Judgment ("Order"), [DE 105] and requests that this matter be reinstated for further proceedings on the merits.

**SHARMIN & SHARMIN, P.A.**
830 North Federal Highway
Lake Worth, FL 33460
Telephone: 561-655-3925
Fax: 844-921-1022

*/s/ Eiman Sharmin Esq.*
Eiman Sharmin, Esq.
FBN: 0716391
Email: eiman@sharminlaw.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**FREDERICK H. MILLER,**                     **CASE NO: 9:23-cv-80644-RLR**

     **Plaintiff,**

**v.**

**NAVY FEDERAL CREDIT UNION** *et. al.,*

     **Defendants.**

                                 /

## BRIEF IN SUPPORT OF
## MOTION FOR RECONSIDERATION

### STANDARD OF REVIEW

Rule 59(e) provides for reconsideration of a judgment such as the Order Granting Defendant's Motion for Summary Judgment ("Order"), [DE 105] granting defendant Navy Federal Credit Union ("NFCU") summary judgment upon a showing of manifest error of fact. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).  A manifest error of fact is the misapprehension of a material fact that is "plain and indisputable, and that amounts to a disregard of the…credible evidence in the record."  *Marshall v. Dunn*, 2021 U.S. Dist. LEXIS 152823, 2021 WL 3603452, at *1 (N.D. Ala. Aug. 13, 2021).  Application of Rule 59(e) serves the goals of judicial economy as it "enables the court to correct its own errors and thus avoid unnecessary appellate procedures."  *Sherrod v. Palm Beach Cty. Sch. Dist.*, 237 F. App'x 423, 425 (11th Cir. 2007) (quoting *Aybar v. Crispin-Reyes,* 118 F.3d 10, 16 (1st Cir. 1997)).

**The record unequivocally shows that NFCU knew that Mr. Miller claimed that he was a victim of fraud because Experian's November 19 ACDV prominently summarized Mr. Miller's dispute as "I HAVE NO ACCOUNT WITH NAVY CREDIT UNION.   IF ACCOUNT WAS OPEN IN MY NAME IT WAS FRAUD."**

The Order rests in relevant part entirely on the established rule that when a furnisher does not know the true nature of the consumer's dispute, it cannot be expected to conduct the FCRA-required substantive investigation of an unknown claim.   As thoroughly explained in the Order at pages 4-5, that rule applies where a consumer's dispute is founded on fraud and identity theft but where the ACDV transmitted to the furnisher by the consumer reporting agency (CRA) omits any reference to that specific claim. That is not the case here.

The uncontroverted record evidence conclusively disproves that the factual foundation to apply that rule is present here. The record shows instead that Experian expressly and clearly informed NFCU that Mr. Miller claimed to be a victim of fraud. The following screen shot of a portion of the November 19 ACDV, which NFCU itself introduced in the record and is conspicuously located immediately following disclosure of dispute code "1" that NFCU acknowledges seeing, summarizes Mr. Miller's dispute as "I HAVE NO ACCOUNT WITH NAVY CREDIT UNION.  IF ACCOUNT WAS OPEN IN MY NAME IT WAS FRAUD":

DE 84-1, page 9 (highlighting added).

The omission from the Order of this dispositive fact – the "FCRA relevant information" explaining the actual November dispute that provided NFCU with the precise notice that the Order held was missing from the ACDV – constitutes a quintessential manifest error of fact. This omitted fact is not merely "plain and indisputable" in "disregard of the credible evidence in the record," *Marshall v. Dunn, supra,* but appears in the very evidentiary document on which this part of the Order relies. The Order's conclusion that the ACDV did not notify NFCU of the nature of Mr. Miller's dispute is therefore unsustainable. This error of fact is manifest and accordingly requires relief pursuant to Rule 59(e).

<u>**CONCLUSION**</u>

Wherefore, the Order's grant of summary judgment constituted manifest error and requires reinstatement of the case pursuant to Rule 59(e) for further proceedings on the merits.

**SHARMIN & SHARMIN, P.A.**
830 North Federal Highway
Lake Worth, FL 33460
Telephone: 561-655-3925
Fax: 844-921-1022

*/s/ Eiman Sharmin Esq.*
Eiman Sharmin, Esq.
FBN: 0716391
Email: eiman@sharminlaw.com

*/s/ Kevin Rajabalee*
Kevin Rajabalee, Esq.
FBN: 119948
*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically served on all counsel, attorneys of record, and any other parties found on the service list on March 4, 2024.

*/s/ Kevin Rajabalee*

**Kevin Rajabalee, Esq.**
**FBN: 119948**
